```
      IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

        MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. ACTION NO. |
| | ) | 2:05cr68-T |
| KEITH ELDRIDGE WILLIAMS | ) | (WO) |

ORDER

This case is now before the court on defendant Keith Eldridge Williams's motion to continue trial.  In light of the fact that the government has orally informed the court that it has no objections to the continuance motion and for the reasons set forth below, the court concludes that the continuance motion should be granted.

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir.), <u>cert. denied</u>, 479 U.S. 823, 107 S. Ct. 93 (1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C.A. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty
> is entered, the trial of a defendant
> charged in an ... indictment with the

> commission of an offense shall commence within seventy days from the filing date (and making public) of the ... indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C.A. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(8)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... the reasonable time necessary for effective preparation." § 3161(h)(8)(B)(iv).

   The court concludes that, in this case, a continuance is necessary because two motions to suppress are pending before the court that must be resolved before the case can go to trial.  The current trial setting does not provide ample time for the resolution of these issues.  In addition, Williams has filed a waiver of his speedy trial rights.

2

**Accordingly, it is ORDERED as follows:**

**(1)  The motion to continue, filed by defendant Keith Eldridge Williams (Doc. No. 22), is granted.**

**(2)  The trial of defendant Williams and jury selection are continued to the criminal term of court commencing October 12, 2005, at 10:00 a.m.**

**DONE, this the 3rd day of June, 2005.**

　　　　　　　　　　　　　　　　　　/s/ Myron H. Thompson
**　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE**